IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY MIDDLETON,** | : | Civil Action No. 1:08-cv-00827 |
| Petitioner | : | |
| v. | : | (Chief Judge Kane) |
| **DAVID J. EBBERT,** | : | |
| Respondent | : | |

## MEMORANDUM

**I.   INTRODUCTION**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by Petitioner Terry Middleton on May 5, 2008. (Doc. No. 1.) Named as respondent is FCI-Allenwood Warden David J. Ebbert. Petitioner has submitted the required $5.00 filing fee. Based on this Court's review of the petition, it is clear that Petitioner cannot prevail on his claims in the instant § 2241 petition. Consequently, the Court will deny the petition.

**II.   BACKGROUND**

Petitioner states that on July 24, 1991, he was convicted of possession of a shotgun by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e) in the United States District Court for the Northern District of Florida. On October 11, 1991, he was sentenced to a term of imprisonment for 180 months, to run consecutive to a 1989 sentence imposed by the Circuit Court of Duval County, Florida. He appealed his conviction in the United States Court of Appeals for the Eleventh Circuit, but that direct appeal was denied. Further, he filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Florida, which too was denied on March 7, 1995. He appealed the denial of the §

2255 motion to the United States Court of Appeals for the Eleventh Circuit, which affirmed the denial on May 7, 1997.

In the instant petition, filed on May 5, 2008, Petitioner claims that his sentence violates the Ex Post Facto Clause of the United States Constitution because the district court used both the 1988 and 1990 versions of the United States Sentencing Guidelines ("Guidelines") in sentencing him to consecutive rather than concurrent federal and state sentences.[1]  (Doc. No. 1 at 10.)  He seeks a writ "ordering that petitioner's federal sentence run concurrent with his state sentence, nunc pro tunc to October 11, 1991, and that he be released immediately as 180 months has expired."  (Id. at 12.)

### III.   DISCUSSION

The instant § 2241 petition is before the Court for preliminary consideration.  Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  28 U.S.C. § 2254 (1977) (Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

A challenge to a federal criminal defendant's conviction or sentence, as in the instant

---

[1] Petitioner committed the underlying offense in 1988, but was not convicted and sentenced in federal court for that offense until 1991.  (See Doc. No. 1 at 8.)

case, is most properly brought as a motion pursuant to 28 U.S.C. § 2255 filed in the district court in the district where he was convicted.[2] United States v. Addonizio, 442 U.S. 178, 185 (1979); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). As a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006) (quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)).

A defendant can pursue a § 2241 petition only when he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." § 2255; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The inadequacy or ineffectiveness must be a "limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002)). "It is the inefficacy of the remedy, not a personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39; see also Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001) ("A prior unsuccessful § 2255 motion or the inability to meet" the requirements for a second or successive § 2255 motion "does not make a § 2255 inadequate or ineffective.");

---

[2] Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001).  If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction.  Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In Cradle, the United States Court of Appeals for the Third Circuit emphasized that a § 2255 motion is not inadequate or ineffective to test the legality of a federal prisoner's detention, so as to permit the prisoner to seek habeas relief pursuant to § 2241, merely because the sentencing court had denied relief, because the one-year statute of limitations had expired, or because the prisoner was unable to meet the stringent gatekeeping requirements of § 2255.  Cradle, 290 F.3d at 539.  Rather, the court in Cradle held that the habeas exception recognized in § 2255 was merely to make sure that petitioners had a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements.  Id.

Moreover, as stated in Dorsainvil, the availability of the § 2241 remedy to challenge a federal conviction is extremely limited.  Dorsainvil, 119 F.3d at 250.  A prisoner can pursue habeas relief under the safety-valve clause of § 2255 usually only in a situation where a subsequent statutory interpretation reveals that the prisoner's conduct is no longer criminal.  See Brown, 167 F. Supp. 2d at 726-27.

Application of the above principles compels the conclusion that Petitioner cannot raise his claims in the instant § 2241 petition.  Initially, the dismissal of Petitioner's previous § 2255 motion filed in 1993 does not make the § 2255 remedy inadequate or ineffective.  Petitioner, however, contends that the claims set forth in the instant petition could not have been raised in his previous § 2255 motion for two reasons.  First, the United States Court of Appeals for the

Eleventh Circuit's decision in <u>United States v. Lance</u>, 23 F.3d 343 (11th Cir. 1994)[3] was not available to him at the time he filed his previous § 2255 motion. (Doc. No. 1 at 9.) Second, he did not have access to the Guidelines while he was incarcerated in the Florida Department of Corrections from 1991 to 2005. (Doc. No. 1 at 9.) While it may be the case that <u>Lance</u> was not decided when Petitioner filed his previous § 2255 motion and that he did not have a copy of the Guidelines until 2005, Petitioner nevertheless has not pursued a motion for permission to file a second or successive § 2255 motion.[4] Rather, he filed the instant § 2241 petition.

Further, Petitioner does not demonstrate the emergence of a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that would negate the criminality of his actions. <u>See</u> 28 U.S.C. § 2244(b)(2)(A); <u>Dorsainvil</u>, 119 F.3d at 251 (in denying motion for certification to file a second § 2255 motion without prejudice to petitioner filing a § 2241 habeas corpus petition because passage of a subsequent law may negate the crime of which he was convicted, the Third Circuit Court of Appeals stated in dicta, "[w]e do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255.").

In the instant case, Petitioner argues that his federal sentence is invalid because the

---

[3] In <u>Lance</u>, the court held that a defendant's sentence must be imposed using the appropriate version of the Guidelines in their entirety rather than applying various provisions taken from different versions of the Guidelines. <u>Lance</u>, 23 F.3d at 344.

[4] Pursuant 28 U.S.C. § 2244(a)(3)(A), "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

district court imposed a sentence that was to run consecutive to his state sentence rather than concurrent, in violation of the 1988 version of the Guidelines.  He does not claim he is innocent of the underlying crime of which he was convicted, but merely challenges his sentence.  He does not come forth with any change in the substantive law which negates the criminal activity of which he was convicted, but rather raises sentencing issues.  Based on the foregoing, the instant situation does not fall within the limited exception recognized in <u>Dorsainvil</u> that would permit Petitioner's § 2241 petition challenging his federal sentence.  Accordingly, the petition will be dismissed.

      An appropriate order will issue.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TERRY MIDDLETON,** | : | Civil Action No. 1:08-cv-00827 |
| Petitioner | : | |
| v. | : | (Chief Judge Kane) |
| **DAVID J. EBBERT,** | : | |
| Respondent | : | |

## ORDER

**AND NOW**, this 20th day of June, 2008, in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this case.

S/ Yvette Kane
Yvette Kane, Chief Judge
Middle District of Pennsylvania