IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY MIDDLETON,** | : | Civil Action No. 1:08-cv-00827 |
| Petitioner | : | |
| v. | : | (Chief Judge Kane) |
| **DAVID J. EBBERT,** | : | |
| Respondent. | : | |

**MEMORANDUM**

**I.     INTRODUCTION**

Before the Court is Petitioner Terry Middleton's motion for reconsideration of the Court's memorandum and order of June 20, 2008 (Doc. No. 3), denying Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, the instant motion (Doc. No. 4) will be denied.

**II.    BACKGROUND**

Petitioner, an inmate currently incarcerated at the Federal Correctional Institution at Allenwood-Medium, in White Deer, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 5, 2008, challenging his federal sentence imposed by the United States District Court for the Northern District of Florida. (Doc. No. 1.) Specifically, Petitioner claimed that his sentence violates the Ex Post Facto Clause of the United States Constitution because the district court used both the 1988 and 1990 versions of the United States Sentencing Guidelines ("Guidelines") in sentencing him to consecutive rather than concurrent federal and state sentences. (Id. at 10.) He sought a writ "ordering that petitioner's federal sentence run concurrent with his state sentence, nunc pro tunc to October 11, 1991, and that he be released immediately as 180 months has expired." (Id. at 12.)

By memorandum and order dated June 20, 2008, the Court denied Petitioner's habeas petition because Petitioner had improperly challenged his federal sentence under § 2241. (Doc. No. 3.) Specifically, the Court found that Petitioner had not demonstrated that the remedy under 28 U.S.C. § 2255 would be "inadequate or ineffective to test the legality of his detention." See § 2255. The Court noted that Petitioner did not pursue a motion for permission to file a second or successive § 2255 motion. Further, the Court determined that Petitioner had not demonstrated the emergence of a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that would negate the criminality of his actions. See 28 U.S.C. § 2244(b)(2)(A); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

Thereafter, Petitioner filed the instant motion for reconsideration. (Doc. No. 4.) After careful review, the Court will deny the motion.

## III. DISCUSSION

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues

presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In the instant motion, Petitioner claims that § 2255 is procedurally unavailable to him, and thus his only remedy is under § 2241. (Doc. No. 4 at 2.) In support he states that "the Eleventh Circuit will not authorize a second or successive § 2255 petition to challenge a wrongful sentence, only the offense." (Id.) However, he provides no support for this blanket statement. He also claims that the Court's determination that he may not seek relief under § 2241 because he is not challenging whether he is actually innocent is contrary to the Third Circuit Court's decision in Dorsainvil.[1]

These arguments presented in his motion for reconsideration simply restate much of his

---

[1] The Court notes that a petitioner may dispute the legality of his sentence pursuant to § 2241 rather than § 2255 only when he shows that the remedy provided by his § 2255 motion was "inadequate or ineffective." Dorsainvil, 119 F.3d at 251. As previously determined, Petitioner did not satisfy this showing. An "inadequate or ineffective" remedy is not simply one with which a petitioner is unsatisfied. Simply stated, the Court "does not permit a litigant unhappy with the result of his first § 2255 petition a second bite at the apple merely by placing a § 2241 caption on the pleading." Smith v. United States, No. 97-6057, 1998 WL 351785, at *6 (D. N.J. May 12, 1998).

argument in his original habeas petition. Therefore, applying the standard used when a party seeks reconsideration, the Court concludes that Petitioner has not demonstrated any of the applicable grounds for reconsideration. Initially, the Court finds no intervening change in controlling law and no error of law or fact. Additionally, Petitioner's restated arguments do not constitute new evidence that was unavailable when the Court entered judgment. Thus, the Court finds no basis to reconsider its findings that Petitioner's instant § 2241 petition must be dismissed because it improperly challenges his federal sentence, and will deny the motion for reconsideration.

      An appropriate order will issue.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY MIDDLETON,** | : | Civil Action No. 1:08-cv-00827 |
| Petitioner | : | |
| v. | : | (Chief Judge Kane) |
| **DAVID J. EBBERT,** | : | |
| Respondent. | : | |

# ORDER

**AND NOW**, this 21st day of July, 2008, upon consideration of Petitioner's motion for reconsideration (Doc. No. 4), and in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for reconsideration (Doc. No. 4) is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
Middle District of Pennsylvania